motion to discontinue the action as against certain defendants, and to amend summons and pleadings by striking the names of such defendants therefrom, plaintiffs appeal. Reversed. William J. Barr, for appellants. Alfred Steckler, for respondents.

PER CURIAM. For the reasons stated in the opinion in Chapman et al. v. Wolf (herewith handed down) 85 N. Y. Supp. 638, the order appealed from should be reversed, and the motion granted, without costs, with leave to the defendant respondent to answer anew, if so advised.

FRANKLIN v. BEEGLE et al. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by William Franklin against William H. Beegle and another.

PER CURIAM. We think that the affidavit of the attorney, solely relied upon as the basis of the order of publication, afforded no real proof of the nonresidence of the defendant Wilson, and that the motion to set the order aside should therefore have been granted. Order denying motion reversed, with $10 costs and disbursements, and motion granted, with costs.

FRIEDMAN, Respondent, v. FRIEDMAN, Appellant. (Supreme Court, Appellate Division, First Department. January 8, 1904.) Action by Rosa W. Friedman against Benjamin Friedman. H. C. Burnstine, for appellant. W. M. Mullen, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

FROST, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 8, 1903.) Action by Emma Frost against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs.

GANS, Appellant, v. KARP, Respondent, et al. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Abraham Gans against Jacob Karp, impleaded with Daniel Greenwald. No opinion. Order affirmed, with $10 costs and disbursements.

GARDNER, Respondent, v. McPOTTER, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by John G. Gardner against Robert H. McPotter. From a judgment for plaintiff, defendant appeals. Affirmed. Milton I. Southard for appellant. Yorke Allen, for respondent.

PER CURIAM. The plaintiff's claim is based on the employment of his assignor as an architect to prepare plans for the alteration of the defendant's country house. The principal issue litigated upon the trial was the question whether the architect undertook that the proposed alterations should not cost more than $15,-000. Assuming that there was a contract on this subject, the most that the proof can be regarded as establishing is that the architect agreed that the cost should not exceed approximately $15,000, or should not be much more than that sum. Although the defendant introduced evidence tending to show that the work called for by the architect's plans could not be done for less than $20,000, there was testimony in behalf of the plaintiff sufficient to sustain the finding that the necessary expenditure would not be more than $16,000; and we are of opinion that this sum sufficiently approximated $15,-000 to entitle the architect to be paid for his services. Judgment affirmed, with costs.

In re GAY et al. (Supreme Court, Appellate Division, Fourth Department. December 8, 1903.) In the matter of the application of Sarah A. Gay and others for substitution of Clinton & Thomas as their attorneys in place of Elijah W. Holt. No opinion. Order affirmed, with $10 costs and disbursements.

GAYNOR, Appellant, v. QUINN et al., Respondents. (Supreme Court, Appellate Term. January 7, 1904.) Action by Thomas Gaynor against Margaret Quinn and another. Judgment for plaintiff, and he appeals. Affirmed. J. Baldwin Hands, for appellant. William E. Stillings, for respondents.

PER CURIAM. The action is for injury to personal property. The trespass out of which the claim arose is stated in the bill of particulars to have taken place on September 17, 1903. It also appears that the plaintiff, who was the tenant of two of the defendants, was dispossessed by summary proceedings for nonpayment of rent from the premises where the trespass occurred on the 6th day of October, 1903. It is conceded that in September the defendants forcibly entered upon the premises and destroyed some milk belonging to plaintiff, which it was claimed had become so offensive in odor as to constitute a nuisance, and that plaintiff's prolonged absence from the place necessitated such action on the part of defendants. The justice before whom the case was tried limited the recovery to the injury or damage sustained by reason of the destruction of the milk, and instructed the jury to disregard the items of damage claimed for awnings and other property belonging to plaintiff, and for alterations and repairs that plaintiff had made upon his entering into the tenancy. The testimony shows that whatever claim plaintiff made for damages, outside of the item of milk destroyed, must have arisen from the act of dispossession in October, which was not shown to have been unlawful, and which in any event is not related to the alleged trespass of September 17th. Plaintiff gave proof of a very vague nature as to the quantity of milk destroyed, which he valued at about $10. The jury gave a verdict for $5. It cannot be said that the determination of the jury was not warranted by the proof, and the judgment must be affirmed. Judgment affirmed with costs.

GENERAL CONTRACTING CO., Appellant, v. JONES et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. December 8, 1903.) Action by the General Contracting Company against Claude C. Jones and another. No opinion. Judgment affirmed, with costs.